Shaw, C. J.
In an action of trover for a horse and buggy, after the plaintiff’s evidence was in, and before offering any evidence on their part, the defendants asked the court to rule, as matter of law, upon the facts stated in the bill of exceptions, that the plaintiff could not maintain the action, which the court declined to do. Thereupon the defendants excepted to the refusal of the court so to rule.
What further proceedings took place, whether the defendants offered evidence, whether the court instructed the jury, and what those instructions were, does not appear. If any such instructions were given, no exception in matter of law was taken to them. It is very clear, we think, that this exception cannot be sustained. It is in effect a motion for a nonsuit on the plaintiff’s evidence. Although a judge may direct, or, to speak more precisely, advise a nonsuit, when the plaintiff’s evidence is in, if in his opinion the jury, on any just view of the evidence, could not find a verdict for the plaintiff, yet it is purely a matter of discretion; he is never bound to do so, and *423 in many cases, it is most advisable to submit the evidence to the jury, with suitable instructions, in regard to the law applicable to such case. A refusal to direct a nonsuit, therefore, is no ground of exception. Farnum v. Davidson, 3 Cush. 232
But, it may not be improper to add, that upon the evidence stated, we can see no reason why the plaintiff should not recover. His right of property was not contested. When he lent the horses and carriages to his son, it was under an express reservation of his right to resume the possession; the son, by accepting the loan of them, under this notice, assented to the owner’s right so to reclaim the possession. The cases cited by the defendants’ counsel, are those of a lease, of a parting with the right of possession, by an agreement for a certain time, so that at the time of the demand, he had no right of possession. One of the most recent, perhaps, the strongest case cited for the defendants, is that of Muggridge v. Eveleth, 9 Met. 233. It was an action of trespass for a vessel, by the general owner, against the sheriff; and it appeared that at the time of the attachment, the vessel was chartered to a third person for a term of time, not expired, by a parol agreement, held to be binding and valid. All that is necessary in this case is, to show that the plaintiff had a right of possession when he made his demand.
If it were suggested that Perkins, who hired the horse and carriage of Morgan, Jr., had a right of possession for the time being, it appears by the facts, that he hired the horse and carriage to go to a particular place in Providence, that instead of going to that place, he went in another direction, out of the state of Rhode Island, into this county, where the attachment was made. If there was no collusion between the hirer and the attaching officer and creditor, of which the circumstances would seem to raise some suspicion, proper to be considered, if material, by a jury, yet by this deviation, he had forfeited all right of possession, acquired by the hiring.

Exceptions overruled.